

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-2579
Re: The authority of the Texas
Liquor Control Board to re-
fuse a permit to a corpora-
tion formed as a subterfuge
to cover illegal operations

We have your letter of August 7, 1940,
requesting our opinion with reference to the author-
ity of the Liquor Control Board under facts stated
in your letter substantially as follows:

Within the past year the Liquor Control
Board has canceled a package store permit issued
to Percy Phillips, because of a violation of the
Texas Liquor Control Act. Shortly after such can-
celation, a corporation was formed under the name
of Phillips Package Store, Incorporated, having
as its officers Leo Kelm as president and Frankie
Simerly as secretary-treasurer. The corporation
has a total capital stock of $3,000, which was sub-
scribed as follows:

Leo Kelm. . . . . . . . . . . $930
Frankie Simerly. . . . .    600
Percy Phillips. . . . . . .1,470

Phillips Package Store, Incorporated, has
applied to the Liquor Control Board for a permit to
operate a package store on premises owned by Percy
Phillips. The Board is advised that Frankie Simerly

Honorable Bert Ford, page 2

is the wife of Gene Simerly who, for the past year, has been employed in the package store for which Perey Phillips held a permit canceled by the Board. Gene Simerly was twice convicted of violating the Texas Liquor Control Act, the first instance being February 15, 1938, and the second instance being February 26, 1938. Leo Kelm was under injunction for liquor violation in 1934, and has been operating a taxi cab company.

In view of the foregoing facts outlined in your letter, you ask our opinion upon the following questions:

"The question arises as to what flexibility of law exists to permit a cor oration to seek and obtain a privilege denied an individual, and what facts and circumstances would justify this Board in denying a permit applied for by a corporation under the existing facts?

"To what extent must the exercise of fraud or subterfuge be established to justify a refusal of a permit sought by a corporation?"

As we interpret your questions, they relate to the same subject, and they will therefore be answered together.

In our opinion, it cannot be said that as a matter of law under the facts stated, the Texas Liquor Control Board would be justified in refusing a permit to the corporation. However, the facts of which the Board has notice are amply sufficient to warrant the Board in conducting a hearing to determine whether or not the corporation is being used as a subterfuge to cover the intended operation of a liquor business by disqualified persons or the operation of such business in an illegal manner, and if the Board concludes that the corporation is being so used, it has authority to refuse the permit.

Honorable Bert Ford, page 3

The facts stated in your letter do not on their face show that the corporation is disqualified from holding the permit. Having never engaged in the liquor business, the corporation, of course, has not been guilty of any violations of the act, and it will therefore be necessary for the board to conduct a hearing in order to determine whether or not facts exist which show that the corporation was not formed in good faith, but merely as a subterfuge.

The Board or the Administrator is required by Article 666-11, Vernon's Penal Code, to refuse a permit after a hearing in which it finds any of the grounds to exist which are listed in said article. In applying this statute, it is to be remembered that "The Texas Liquor Control Act is intended as an exercise of the police powers of the State to protect the health, welfare, peace and temperance of its people; and all of its provisions are to be construed liberally to effectuate such purposes." Texas Liquor Control Board vs. Marine Exchange Social Club; 127 S. W. (2d) 967. The findings of fact must be made by the Board or the Administrator, and when based upon substantial evidence, will not be set aside by the court. Texas Liquor Control Board vs. Jones, 112 S. W. (2d) 231; Texas Liquor Control Board vs. Lanza, 129 S. W. (2d) 1153.

Since the Board or the Administrator must hold the hearing and ascertain the facts, it is not within our province to state what the conclusions of the Board or the Administrator should be upon any evidence which may be heard. However, it is our opinion that the Board has authority to refuse a permit where it finds as a fact that the corporation has been formed for the purpose of being used as a subterfuge to cover the operation of the business by a disqualified person or the operation of the business in an illegal manner.

Specifically referring to the case which is the subject of your letter, we believe the following considerations are pertinent:

Honorable Bert Ford, page 4

(1)   Section 2 of Article 666-11, Vernon's Penal Code, provides that the permit may be refused if the applicant has violated any provision of this act or any rule or regulation of the board during the previous permit period.   Section 9 of this article also provides that the word "applicant" shall include "the owner or owners of the majority of the corporate stock of a corporation."   On the facts stated, it does not appear that Percy Phillips is the owner of the majority of the corporate stock, but the facts might show upon a hearing that he, in fact, paid for all of the stock or furnished the money to the other parties to buy the stock and that he, in reality, is the owner of all or of a majority of the stock.   If the Board concludes that these are the facts, we believe that the permit may be refused.

(2)   Under section 6 of Article 666-11, Vernon's Penal Code, the Board is authorized to refuse a permit where the finding is made that the applicant will conduct the business at a place or in such a manner that, "based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency warrants a refusal of a permit."   In passing upon this issue, the Board would be authorized to consider all of the facts with reference to the manner in which the business is to be conducted, including the place where the business is to be operated, the fact it is the same place where the business was operated for which the permit has been canceled, the fact that the name of the corporation would lead to the belief that it is to be operated by Percy Phillips, and the general character and reputation of all of the stockholders and officers of the corporation.   In other words, the mere formation of the corporation will not preclude the Board from inquiring into all of the facts relating to the place and manner in which the business is to be conducted, including the past record and reputation of the persons who form the corporation and who will run the business.

(3)   Section 5 of Article 666-11 provides that the Board shall refuse to issue a permit to an

Honorable Bert Ford, page 5

applicant who is not of good moral character or who has a bad reputation, as a peaceable law-abiding citizen in the community where he resides. In connection with the provisions of section 9 of this article, we believe that the Board may inquire into the question as to whether or not any of the officers of the corporation, or the owners of a majority of the corporate stock, are persons who have a bad reputation or who are of bad moral character. If the Board concludes that any of the officers, or the stockholders owning a majority of the stock, are not of good moral character or have bad reputations as law-abiding citizens in the community, we believe the Board would be authorized to refuse the permit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *James P. Hart*

James P. Hart
Assistant

JPH:LW

APPROVED SEP 16, 1940

*Grover C. Mann*

ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE